NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FILED

FOR THE NINTH CIRCUIT

SEP 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRA DON PARTHEMORE, | No. 11-16379 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02330-WBS-JFM |
| v. | |
| LONNIE JACKSON, Associate Warden Mule Creek; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

California state prisoner Ira Don Parthemore appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust

administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed Parthemore's action without prejudice because Parthemore failed to exhaust all available administrative remedies before bringing his suit and failed to establish that any of his appeals were improperly screened.  *See Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006) (prisoner must properly exhaust, and must comply with administrative procedural requirements); *see also Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010) (establishing the test for the improper screening exception to the exhaustion requirement).

Parthemore's contention that the California Department of Correction's accommodation policy violates the Americans with Disabilities Act was raised for the first time on appeal and is waived.  *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004) ("In general, we do not consider an issue raised for the first time on appeal.").

**AFFIRMED.**

11-16379